The Honorable Peggy Jeffries State Senator 1122 Waldron Road Fort Smith, Arkansas 72903
Dear Senator Jeffries:
This official Attorney General opinion is rendered in response to a question you have raised about the public meetings requirements of the Arkansas Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.)
You have asked:
 Would it constitute a violation of the Freedom of Information Act for the Board of Trustees of the Northwest Arkansas Community College to continue to meet after its official adjournment for the purpose of allowing" trustee comments"?
I note that you have enclosed a copy of an agenda of the Board's meeting, which lists an agenda item entitled "Trustee Comments" that is to take place after the official adjournment of the meeting. It is my opinion the placing of an item of this nature on the printed "agenda" does not have the effect of making it a continuation of this meeting of the Board, or of avoiding violation of the FOIA. Rather, the issue is whether this gathering of the governing body after the adjournment constitutes a new and separate meeting that would require further notice under the FOIA.
It is my opinion that if the assembly of the trustees that takes place after the official adjournment is deemed to constitute a "meeting" within the meaning of the FOIA, the board would be violating the FOIA by continuing to meet after the official adjournment, without giving the required statutory notice of that portion of the meeting. See Ops. Att'y Gen. Nos. 95-308; 93-308; 93-299.
A "meeting," within the meaning of the FOIA, is any gathering of the body in question — even if less than a quorum — for the purpose of discussing any matter upon which foreseeable action might be taken. El Dorado Mayorv. El Dorado Broadcasting Co., 260 Ark. 821, 824, 544 S.W.2d 206 (1976); Op. Att'y Gen. No. 96-074. Therefore, if, during the gathering that takes place after official adjournment of the board's meeting, the board discusses any matter upon which foreseeable action might be taken, that occurrence will constitute a "meeting" within the meaning of the FOIA, and will require the statutory notice.
More specifically, if such matters are discussed, this portion of the agenda will constitute a "special meeting" under the FOIA, which will require at least two hours' notice to the local press and to other press representatives who cover regular meetings and have requested notice of special meetings. See A.C.A. § 25-19-106(b)(2); Op. Att'y Gen. No.95-308.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh